**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **VICTOR WAKLEY,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| vs. | ) No. 1:16-cv-0884-WTL-DKL |
| | ) |
| **SUSTAINABLE LOCAL FOODS LLC,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

*Entry and Order on Local Initiatives Support Corporation's Motion to Dismiss* [doc. 60]

In April 2016, Plaintiffs Victor Wakley and Julie Wakley commenced this action against numerous defendants, including Local Initiatives Support Corporation (LISC), alleging a conspiracy to violate Plaintiffs' civil rights along with numerous state law claims.

On September 21, 2016, Plaintiffs moved for leave to amend their complaint, seeking to add factual allegations of developments that had occurred since the filing of the original complaint. The motion was not opposed. The motion was granted and the *Amended Complaint* was filed November 4, 2016. Subsequently, LISC filed a *Motion to Dismiss for Failure to State a Claim Upon Which Relief May Be Granted* [doc. 60]. Plaintiffs and LISC have stipulated to the referral of the motion to the undersigned, and the District Judge referred the motion to the undersigned for ruling.

The *Amended Complaint* alleges that Victor Wakley is the President of Save Our Veterans, Inc. and that Julie Wakley, his spouse, is an investor in Save Our Veterans. [*Am. Compl.*, doc. 54, ¶¶ 14-16.] It alleges that Save Our Veterans entered into a lease agreement with Southeast Neighborhood Development, Inc. (SEND) to rent the real property at 101 South Parker Avenue in Indianapolis, Indiana. [*Id.* ¶ 1 & Ex. B.] The complaint alleges that Save Our Veterans had an option to purchase the property and that SEND breached the agreement by selling the property to the City of Indianapolis. [*Id.* ¶¶ 50-51, 73.] The *Amended Complaint* further alleges that the City conspired with the other Defendants to steal the property from Save Our Veterans and steal the Wakleys' investment in their business. [*Id.* ¶¶ 5 & 46.]

The *Amended Complaint* alleges that LISC and the other defendants have "engaged in a pattern and practice of using fraudulent practices to commit fraud, [and] make negligent misrepresentations …." [*Id.* ¶ 1.] LISC allegedly knew of the existence of the lease Save Our Veterans had with Send and conspired to induce SEND to breach its contractual obligations. [*Id.* ¶¶ 90, 100.] The Wakleys claim that "[LISC] is a funding company who has offered money to the co-conspirators and [has] provided the necessary funding for the co-conspirators to commit a forceful wrongful eviction of Plaintiff(s) and force Save Our Veterans out of business." [*Id.* ¶ 23.] They allege that Defendant Mike Bowling "offered to borrow $200,000 … via [LISC] then 'relend' [it] to Save Our Veterans …." [*Id.* ¶ 42.]

The *Amended Complaint* contains ten counts. The first nine allege state law claims of fraud, negligent misrepresentation, breach of contract, breach of implied-in-fact

2

contract, tortious interference with a third-party contract, breach of implied covenant of good faith and fair dealing, unfair business competition, conversion, and trespass to land. The tenth count alleges that the City and other Defendants have conspired to deprive Plaintiffs' of their due process, civil, and constitutional rights "by taking control of Plaintiffs (sic) business and property without notice." [*Id.* ¶ 153.]

*Discussion*

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of claims for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). A motion to dismiss tests the legal sufficiency of the complaint. *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Plausibility" is not equated with "probability"; instead, it is "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 556 U.S. at 678.

A complaint need not contain "detailed factual allegations," but "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action" are required. *Twombly*, 550 U.S. at 555. When deciding a motion to dismiss, the court "accept[s] all well-pleaded factual allegations as true and view[s] them in the light most

3

favorable to the plaintiff." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). The court may consider documents attached to the complaint. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639–40 (7th Cir. 2015); Fed. R. Civ. P. 10(c).

LISC has moved for dismissal of all claims against it, arguing that none of the counts state a claim against it upon which relief may be granted. LISC notes that Plaintiffs have already amended their complaint once. Plaintiffs have filed a lengthy response, but for the most part, they fail to challenge LISC's arguments for dismissal. The only claims they attempt to argue are sufficient are the fraud and conspiracy claims. Thus, they do not appear to challenge LISC's motion with respect to any of the other claims. Nonetheless, all the claims against LISC should be dismissed for failure to state a claim.

*Fraud.* The elements of fraud are "(1) a material misrepresentation of past or existing fact which (2) was untrue, (3) was made with knowledge of or in reckless ignorance of its falsity, (4) was made with the intent to deceive, (5) was rightfully relied upon by the complaining party, and (6) which proximately caused the injury or damage complained of." *Kesling v. Hubler Nissan, Inc.*, 997 N.E.2d 327, 335 (Ind. 2013) (quoting *Lawyers Title Ins. Corp. v. Pokraka,* 595 N.E.2d 244, 249 (Ind. 1992)). "[A] party must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). In the Seventh Circuit, parties "must plead the 'who, what, when, where, and how: the first paragraph of any newspaper story' of the alleged fraud." *Rocha v. Rudd*, 826 F.3d 905, 911 (7th Cir. 2016) (quoting *United States ex rel. Lusby v. Rolls–Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009)). This includes "'the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the

4

misrepresentation was communicated to the plaintiff[s].'" *Id.* (quoting *Uni\*Quality Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992)). "[I]n a case involving multiple defendants, 'the complaint should inform each defendant of the nature of his alleged participation in the fraud.'" *Id.* (quoting *Vicom, Inc. v. Harbridge Merch. Servs.*, 20 F.3d 771, 777–78 (7th Cir. 1994)).

Plaintiffs argue that courts have recognized that it is impractical to require specific citation to each instance of fraudulent conduct when such conduct is repeated frequently and over a lengthy period of time. But they cite out-of-circuit case law, none of which are binding on this Court. Plaintiffs also suggest that the heightened pleading standards are relaxed where factual information is peculiarly within the defendant's knowledge or control, but again they cite only out-of-circuit case law. Plaintiffs' authorities are not in line with the binding Seventh Circuit case law cited above, which this Court must follow.

Measured against the appropriate, heightened pleading standards, the *Amended Complaint* fails to state a fraud claim against LISC. The allegations do not satisfy Rule 9(b)'s particularity standards. Plaintiffs do not provide specific names, dates, times, places, or content of the misrepresentations giving rise to alleged fraud. Even though there are multiple defendants in this case, Plaintiffs have not informed each defendant of the nature of its alleged participation in the fraud. Therefore, the fraud claim against LISC should be dismissed.

*Negligent Misrepresentation.* Negligent misrepresentation has four elements under Indiana law: "(1) the defendant, in the course of his business, profession, or employment, or in any other transaction in which he has a pecuniary interest, supplies false

information for the guidance of others in their business transactions; (2) the defendant fails to exercise reasonable care or competence in obtaining or communicating the information; (3) the plaintiff justifiably relies upon the information supplied by the defendant; and (4) the plaintiff suffers pecuniary loss as a result." *Harrison Mfg., LLC v. Bienias*, No. 4:11-cv-00065-TWP-WGH, 2013 WL 6486668, at *6 (S.D. Ind. Dec. 10, 2013) (citing *U.S. Bank, N.A. v. Integrity Land Title Corp.*, 929 N.E.2d 742, 747 (Ind. 2010); *Restatement (Second) of Torts* § 552). The *Amended Complaint* fails to allege at least the first three elements, if not all four elements, as to LISC; therefore it fails to state a claim for negligent misrepresentation against LISC.

*Breach of Contract.* "Under Indiana law, the elements of a breach of contract action are the existence of a contract, the defendant's breach thereof, and damages." *Bible*, 799 F.3d at 644 (quoting *U.S. Valves, Inc. v. Dray*, 190 F.3d 811, 814 (7th Cir. 1999)). The *Amended Complaint* does not allege that the existence of a contract between the Wakleys and LISC. Therefore, the breach of contract claim should be dismissed.

*Breach of Implied-in-fact Contract.* "'A contract can be implied in fact when the conduct of the parties infers a meeting of the minds, even in the absence of an express contract.'" *Nibco Inc. v. Arthur J. Gallagher Risk Mgmt. Servs., Inc.*, No. 3:14-CV-00457, 2016 WL 1222217, at *7 (N.D. Ind. Mar. 29, 2016) (quoting *L.I. Combs & Sons, Inc. v. Ind./Ky. Reg'l Council of Carpenters*, No. 2:09CV150, 2010 WL 4553664, at *4 (N.D. Ind. Nov. 3, 2010)). The elements of an implied-in-fact contract are the same as an express contract: offer, acceptance, and consideration; but the parties' conduct expresses the agreement. *Garwood Packaging, Inc. v. Allen & Co., Inc.*, IP 98-1058-C-M/S, 2002 WL 31924512, at *19

(S.D. Ind. Dec. 26, 2002).  The *Amended Complaint* does not allege conduct of the Wakleys and LISC expressing an agreement; as a result, it fails to state a claim for breach of implied-in-fact contract.

*Tortious Interference with a Contractual Relationship.* Tortious interference with a contractual relationship under Indiana law has five elements: "(1) the existence of a valid and enforceable contract; (2) defendant's knowledge of the existence of the contract; (3) defendant's intentional inducement of breach of the contract; (4) the absence of justification; and (5) damages resulting from defendant's wrongful inducement of the breach." *Craftsman Chem. Corp. v. IVC Industrial Coatings, Inc.*, No. 2:15-cv-00425-LJM-MJD, 2017 WL 365815, at *6 (S.D. Ind. Jan. 25, 2017) (quoting *Bilimoria Comput. Sys., LLC v. Am. Online, Inc.*, 829 N.E.2d 150, 156 (Ind. Ct. App. 2005)); *see also Winkler v. V.G. Reed & Sons, Inc.*, 638 N.E.2d 1228, 1235 (Ind. 1994).  A significant omission in the allegations of the *Amended Complaint*: the Wakleys are not alleged to be parties to any contract.  In the absence of the existence of a contract, they have failed to state a claim for tortious inference with a contractual relationship.  The allegations allege a lease between Save Our Veterans and SEND.  To the extent the *Amended Complaint* purports to state a claim for tortious inference of the relationship under the lease, the Wakleys would not be the proper party to assert such a claim.  This claim, too, should be dismissed.

*Breach of Implied Covenant of Good Faith and Fair Dealing.*  Indiana law recognizes "an implied covenant of good faith in the context of employment contracts, insurance contracts, and certain other limited circumstances—for example, when one counterparty stands in a fiduciary, superior, or special relationship to the other." *Perron on behalf of*

7

*Jackson v. J.P. Morgan Chase Bank, N.A.*, 845 F.3d 852, 856 (7th Cir. 2017). "A party violates the implied duty of good faith and fair dealing when, though not breaching the *express* terms of the contract, he nonetheless behaves unreasonably or unfairly. *Id.* This action did not arise from an employment, insurance, or special relationship context. Thus, Indiana law would not recognize the tort in this context. In addition, as noted, there is no allegation that the Wakleys and LISC were parties to any contract. Therefore, the *Amended Complaint* has failed to state a claim against LISC for breach of the implied duty of good faith and fair dealing.

*Unfair Competition.* Under Indiana law, a cause of action for unfair competition is "defined as 'the attempt to create confusion concerning the source of the unfair competitor's goods [or business].'" *Felsher v. Univ. of Evansville*, 755 N.E.2d 589, 598 (Ind. 2001) (quoting *Westward Coach Mfg. Co. v. Ford Motor Co.*, 388 F.2d 627, 633 (7th Cir. 1968)). Unfair competition has been described "as 'any conduct, the natural and probable tendency and effect of which is to deceive the public so as to pass off the goods or business of one person as and for that of another....'" *Id.* (quoting *Hartzler v. Goshen Churn & Ladder Co.*, 104 N.E. 34, 37 (Ind. App. 1914)). The *Amended Complaint* makes no allegation that LISC passed off or attempted to pass of any goods or business as and for that of another. Thus, it does not state a claim for unfair competition against LISC.

*Conversion.* To state a claim for conversion, a plaintiff must allege facts showing "'an immediate, unqualified right to possession resting on a superior claim of title' and establish the 'appropriation of personal property by another for that party's own use and benefit in exclusion and defiance of the owner's rights.'" *Frager v. Indianapolis Colts, Inc.*,

Cause No. 1:16-cv-632-WTL-DML, 2016 WL 6610854, at *1 (S.D. Ind. Nov. 9, 2016) (quoting *Estate of Verdak v. Butler Univ.*, 856 N.E.2d 126, 136 (Ind. Ct. App. 2006)); *see also Shourek v. Stirling,* 621 N.E.2d 1107, 1109 (Ind. 1993) ("The essential elements ... [of conversion] are an immediate, unqualified right to possession resting on a superior claim of title."). The allegations against LISC relating to conversion are "threadbare," amounting to nothing more than "mere conclusory statements," and are therefore insufficient to defeat the motion to dismiss. *Iqbal*, 556 U.S. at 678. [*See Am. Compl.*, doc. 54, ¶¶ 130, 132 (alleging Defendants including LISC interfered with the Wakley's personal property rights and exerted unauthorized control over Plaintiffs' property). ]

*Trespass to Land.* Trespass under Indiana law has two elements: (1) the plaintiff possessed the land, and (2) the defendant entered the land without legal right. *Bentz v. City of Kendallville,* 577 F.3d 776, 781 (7th Cir. 2009); *Marshall v. JP Morgan Chase Bank*, No. 3:11 CV 332, 2015 WL 1455083, at *9 (N.D. Ind. 2015). At a minimum, the *Amended Complaint* fails to state a claim for trespass against LISC because it does not allege that LISC entered any land possessed by the Wakleys without legal right. Instead, it alleges that certain defendants entered the property of Save Our Veterans, and the defendants who are identified as having entered the property do not include LISC. [*Am. Compl.*, doc. 54, ¶¶ 6-9.]

Finally, the *Amended Complaint* claim fails to allege sufficient factual matter as to LISC to plausibly state a claim for a conspiracy to violate Plaintiffs' civil rights. The conclusory statements are not enough to withstand a motion to dismiss.

*Conclusion*

For the foregoing reasons, *Local Initiatives Support Corporation's Motion to Dismiss* [doc. 60] is **GRANTED** and the claims against LISC in the *Amended Complaint* are dismissed without prejudice. Plaintiffs are granted leave to replead the claims against LISC within thirty days, if they can do so consistent with their obligations under Rule 11 of the Federal Rules of Civil Procedure. If they fail to replead the claims against LISC within the time allowed, the claims will be dismissed with prejudice.

Dated: 5/9/2017

*[signature: Denise K. LaRue]*

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana

Electronic Distribution to All Counsel of Record

U.S. Mail to:

Victor Wakley
PO Box 11292
Indianapolis, IN 46201

Julie Wakley
101 S. Parker Ave.
Indianapolis, IN 46201