UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VICTOR WAKLEY, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
|     vs. | ) Cause No. 1:16-cv-884-WTL-DKL |
| | ) |
| SUSTAINABLE LOCAL FOODS, LLC, et al., | ) |
| | ) |
|    Defendants. | ) |

## ENTRY REGARDING PENDING MOTIONS

This cause is before the Court on the following motions: Defendant Sustainable Local Food LLC's Motion to Dismiss (Dkt. No. 69) and the Plaintiffs' response thereto; and Defendant the City of Indianapolis's Motion to Dismiss (Dkt. No. 81) and the Plaintiffs' response thereto. For the reasons set forth below, both the motions are **GRANTED**. The City's Motion to Specially Designate Magistrate Judge to Rule on Motion (Dkt. No. 90) is **DENIED** inasmuch as the City failed to obtain the consent of Plaintiff Julie Wakley.

### Sustainable Local Food LLC's Motion to Dismiss

Sustainable Local Foods LLC ("SLF Ohio") moves to dismiss the complaint against it pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. When a defendant challenges the Court's personal jurisdiction over it, the plaintiff bears the burden of demonstrating the existence of jurisdiction. *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). Where, as here, a motion to dismiss is resolved without an evidentiary hearing, the plaintiff's burden is satisfied if it makes a prima facie case of personal jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). "In evaluating whether the prima facie standard has been satisfied, the plaintiff is entitled to the resolution in its

favor of all disputes concerning relevant facts presented in the record." *Id.* (quotation and citations omitted).

Where, as here, there is no applicable federal statute providing for nationwide service of process, a federal district court may exercise personal jurisdiction over a defendant if a court of the state in which it sits would have such jurisdiction. Fed. R. Civ. P. 4(k)(1)(A). This Court sits in Indiana, and Indiana Trial Rule 4.4(A) provides for jurisdiction "on any basis not inconsistent with the Constitution of this state or the United States"; in other words, Indiana permits the exercise of personal jurisdiction to the full extent permitted by the Federal Due Process Clause. *LinkAmerica Corp. v. Albert*, 857 N.E.2d 961, 967 (Ind. 2006).

There are two forms of personal jurisdiction that a court may exercise over a non-resident defendant: "general" and "specific" jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408 (1984). The Plaintiffs do not set forth any facts that suggest that general jurisdiction is applicable here. Specific jurisdiction is applicable when the basis of the suit "arises out of or is related to" the defendant's contacts with the forum state. *Jennings*, 383 F.3d at 549.

> To establish specific jurisdiction under the familiar minimum contacts analysis, a plaintiff must show that the defendant has purposefully availed itself of the privilege of conducting activities within the forum state and that the exercise of personal jurisdiction over that defendant would comport with traditional notions of fair play and substantial justice.

*Id.* (citations and internal quotation marks omitted).

In this case, SLF Ohio asserts that it is an Ohio limited liability company owned by Nicholas Bloom. This is consistent with the Plaintiff's complaint, which identifies Defendant Sustainable Local Foods LLC as being "an Ohio corporation," and with the summons issued for Defendant Sustainable Local Foods LLC, which is addressed "care of Nicholas Bloom" in

2

Waterville, Ohio. *See* Dkt. No. 3 at 2 (summons); Dkt. No. 89-1 (proof of service submitted by Plaintiffs). It is also consistent with the information publically available on the Ohio Secretary of State's website, which shows that the Sustainable Local Foods in Waterville, Ohio, was incorporated by Nicholas Bloom in 2012 and that Nicholas Bloom has been the registered agent for SLF Ohio ever since.

The Plaintiffs clearly intended to, and did, sue SLF Ohio. The problem, according to SLF Ohio, is that SLF Ohio is not the entity that was involved in the events out of which this case arises. That appears to have been an Indiana limited liability company also called Sustainable Local Foods LLC which, according to the information publically available on the Indiana Secretary of State's website, was created in 2015 and maintains an address and a registered agent in Indianapolis, Indiana ("SLF Indiana").

The Plaintiffs do not directly dispute that the legal entity involved in the events relevant to this case was SLF Indiana, not SLF Ohio. Rather, they point out that Defendant James Bloom signed for the certified letter sent to both himself and to SLF Ohio in Waterville, Ohio, and that James Bloom has been associated with SLF Ohio; for example, he has been referred to as "the owner of Sustainable Local Foods" in Toledo, Ohio newspaper articles. James Bloom's relationship with SLF Ohio is irrelevant, however; what is relevant is what legal entity was involved in the events that took place in Indiana that are the subject of this lawsuit. The Plaintiffs allege that James Bloom was involved in those events, but they offer nothing to dispute SLF Ohio's evidence that SLF Ohio was not. Accordingly, the Plaintiffs have failed to satisfy their burden of making a prima facie case that SLF Ohio is subject to the jurisdiction of this court. The motion to dismiss for lack of personal jurisdiction (Dkt. No. 69) is **GRANTED** and Sustainable Local Food LLC (Ohio) is **DISMISSED** from this lawsuit.

### City of Indianapolis's Motion to Dismiss

The City of Indianapolis moves to dismiss the Amended Complaint on the ground that the Plaintiffs lack standing to maintain their claim under 42 U.S.C. § 1983. In that claim, which is denominated the Tenth Cause of Action, the Plaintiffs allege that the Defendants conspired to deprive them of their property without due process in violation of the Fourteenth Amendment. However, as the City points out, according to the Amended Complaint, the property interest in question—the lease of 101 S. Parker Avenue (hereinafter "the Property")—belonged to Save Our Veterans, Inc., not to the Plaintiffs (Victor and Julie Wakley) personally. Thus, considering only the facts set out in the Amended Complaint, the Plaintiffs are not the real parties in interest with regard to that claim; while they might have suffered financial injury when Save Our Veterans, Inc., was evicted from the Property, that injury was derivative of the injury to the corporation, and the Plaintiffs may not maintain a suit to recover for that derivative injury. *See, e.g.*, *Doermer v. Callen*, 847 F.3d 522, 533 (7th Cir. 2017) ("Even if Richard's claims had merit . . . he could not step up as litigation champion on behalf of the Corporation to vindicate its interests. He cannot avoid that bar simply by re-characterizing the Corporation's claims as his own.") (citing *Knauf Fiber Glass, GmbH v. Stein*, 622 N.E.2d 163, 165 (Ind. 1993) ("[T]he general rule of corporations [is] that a shareholder may not maintain an action in his or her own name to redress an injury to the corporation."); *Mid–State Fertilizer Co. v. Exchange Nat'l Bank of Chicago*, 877 F.2d 1333, 1335 (7th Cir. 1989) ("Good reasons account for the enduring distinction between direct and derivative injury. When the injury is derivative, recovery by the indirectly-injured person is a form of double counting.")).

In response to the City's motion to dismiss, the Plaintiffs assert that Victor Wakley personally leased the Property from The Changed Life commencing March 10, 2016. This is

curious, in light of the fact that the Plaintiffs attached to their Amended Complaint a lease between Southeast Neighborhood Development, Inc., and Save Our Veterans, Inc., for the Property that also covers the same time period. The Seventh Circuit allows a plaintiff to supplement the facts in his complaint with his brief in opposition to a motion to dismiss, *see, e.g.*, *Defender Sec. Co. v. First Mercury Ins. Co.*, 803 F.3d 327, 335 (7th Cir. 2015) ("[N]othing prevents a plaintiff opposing dismissal from elaborating on the complaint or even attaching materials to an opposition brief illustrating the facts the plaintiff expects to be able to prove.") (citations omitted); *see also Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 640 n.1 (7th Cir. 2015) (A party opposing a motion to dismiss "is free to elaborate upon the facts in a brief."); *but see Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("[C]onsideration of a motion to dismiss is limited to the pleadings . . . [and thus] it may have been questionable for the district court to have relied on the plaintiffs' briefs to embellish the conclusory allegations of the complaint."). However, the Plaintiffs have offered no explanation regarding the seemingly conflicting leases or how if, as they seem to allege in the Amended Complaint, Save Our Veterans, Inc., had a valid and enforceable lease for the Property with Southeast Neighborhood Development, Inc., at the time of the eviction, they believe that Save Our Veterans, Inc., and Victor also had a valid and enforceable lease for the Property with The Changed Life at the same time. Nor have they explained what due process they believe Victor was entitled to from the City that he did not receive or why they believe Julie is a real party in interest with regard to the constitutional claim. In other words, they have failed to provide the Court with facts that "'state a claim to relief that is plausible on its face'" with regard to their constitutional claim, which they were required to do for their Amended Complaint to survive the City's motion to dismiss. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic*

*Corp. v. Twombly,* 550 U.S. 544, 570 (2007)).  Accordingly, the City's motion to dismiss is **GRANTED** with regard to the Plaintiffs' constitutional claim and that claim is dismissed without prejudice.

## **What Happens Next?**

Magistrate Judge LaRue already has granted the Plaintiffs leave "to replead the claims against LISC [another Defendant] . . ., if they can do so consistent with their obligations under Rule 11 of the Federal Rules of Civil Procedure."  Dkt. No. 120 at 10.  The deadline for doing so is June 1, 2017.  If the Plaintiffs wish to attempt to pursue their constitutional claims and believe they have a good faith basis for doing so, they also shall replead those claims by **June 1, 2017**.  The failure to do so will result in their constitutional claim being dismissed with prejudice.  To be clear, if the Plaintiffs wish to pursue any of their claims against LISC or their constitutional claim against the any of the Defendants, they shall file a Second Amended Complaint by **June 1, 2017**.  The Second Amended Complaint must contain **all** of the claims **against all of the Defendants** that the Plaintiffs wish to pursue, not just the claims implicated by the various motions to dismiss.  In other words, if the Plaintiffs file a Second Amended Complaint, it will be as if their Amended Complaint never existed; no claim will be preserved because it was in the Amended Complaint if it does not appear in the Second Amended Complaint. The Plaintiffs should focus on stating clearly the facts that support their claims, avoiding unnecessary repetition,[1] legal conclusions without factual support, and allegations of wrongdoing of various

---

[1] For example, beginning in ¶ 6, the Amended Complaint repeatedly contains a lengthy parenthetical injected into the middle of sentences that adds nothing of substance to the allegation and makes the sentences very difficult to understand.

Defendants unrelated to the Plaintiffs.[2]  The Plaintiffs should not name Sustainable Local Foods LLC (Ohio) as a Defendant in any Second Amended Complaint, as that Defendant has been dismissed for lack of personal jurisdiction and the Plaintiffs are not entitled to replead their claims against that Defendant.

SO ORDERED: 5/19/17

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Victor Wakley**
**P.O. Box 11292**
**Indianapolis, IN 46201**

**Julie Wakley**
**P.O. Box 11292**
**Indianapolis, IN 46201**

Copies to all counsel of record via electronic notification

---

[2] For example, it is irrelevant to the Plaintiffs' claims whether a Defendant "perpetrated a fraud upon the Internal Revenue Service" or illegally "pirated jobs"; those allegations have no place in the Plaintiffs' complaint.