UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VICTOR WAKLEY, et al., | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
|    vs. | ) Cause No. 1:16-cv-884-WTL-DKL |
| | ) |
| SUSTAINABLE LOCAL FOODS, LLC, et al., | ) |
| | ) |
|    Defendants. | ) |

## ENTRY REGARDING PENDING MOTIONS

This cause is before the Court on the following motions: Defendant James Bloom's Motion to Dismiss (Dkt. No. 131); Defendant Local Initiatives Support Corporation's ("LISC") Renewed Motion to Dismiss (Dkt. No. 138); Defendants James Aldrich, Joe Bowling, and Englewood Community Development Corporation's ("ECDC") Motion to Dismiss (Dkt. No. 141); Defendants Mike Bowling and the Englewood Christian Church's ("ECC") Motion to Dismiss (Dkt. No. 143); and Defendants Paul Smith and the Southeast Neighborhood Development, Inc.'s ("SNDI") Motion to Dismiss (Dkt. No. 149). Plaintiff Victor Wakley has responded to each of the motions. For the reasons set forth below, each of the motions is **GRANTED**.

## Background

This case originally was filed on April 20, 2016, by Plaintiffs Victor Wakley and Julie Wakely against Defendants Sustainable Local Foods LLC ("SLF Ohio"), James Bloom, LISC, SNDI, Paul Smith, Joe Bowling, ECDC, Mike Bowling, ECC and "DOEs 1-300" (the individual members of ECC), and James Aldrich. On November 4, 2016, an Amended Complaint was filed that added the City of Indianapolis ("the City") as a Defendant and dropped the Doe Defendants.

The Amended Complaint contained ten counts, all of which arose out of the alleged forcible removal of Victor Wakley from property at which he operated a business, Save Our Veterans, Inc.

On May 9, 2017, Magistrate Judge LaRue granted a motion to dismiss for failure to state a claim that was filed by LISC, holding that the Amended Complaint failed to state a claim against LISC upon which relief may be granted. Dkt. No. 120. On May 19, 2017, the Court granted a motion to dismiss filed by the City, finding that the Plaintiffs were not the real parties in interest because they were not parties to the lease upon which the Amended Complaint relied; rather, that lease was entered into by Save Our Veterans, Inc., which was not a party to the Amended Complaint. Dkt. No. 121. The Court instructed the Plaintiffs as follows:

> If the Plaintiffs wish to attempt to pursue their constitutional claims and believe they have a good faith basis for doing so, they also shall replead those claims by **June 1, 2017**. The failure to do so will result in their constitutional claim being dismissed with prejudice. To be clear, if the Plaintiffs wish to pursue any of their claims against LISC or their constitutional claim against the any of the Defendants, they shall file a Second Amended Complaint by **June 1, 2017**. The Second Amended Complaint must contain **all** of the claims **against all of the Defendants** that the Plaintiffs wish to pursue, not just the claims implicated by the various motions to dismiss. In other words, if the Plaintiffs file a Second Amended Complaint, it will be as if their Amended Complaint never existed; no claim will be preserved because it was in the Amended Complaint if it does not appear in the Second Amended Complaint. The Plaintiffs should focus on stating clearly the facts that support their claims, avoiding unnecessary repetition, legal conclusions without factual support, and allegations of wrongdoing of various Defendants unrelated to the Plaintiffs.

*Id.* at 6-7 (footnotes omitted).[1]

Victor Wakley filed a Second Amended Complaint in response to the Court's ruling.[2] Dkt. No. 127. Julie Wakley is not a party to the Second Amended Complaint. Victor Wakley

---

[1] The Court also dismissed SLF Ohio, which is no longer a party to this case.
[2] The Court notes that the Second Amended Complaint was not received by the Clerk of Court until June 5, 2017, four days after the deadline. Wakley is admonished that a deadline for

(hereinafter referred to as Wakley) asserts one claim in the Second Amended Complaint; he alleges that the City violated his rights under the Fourteenth Amendment when it removed him from the property and the other Defendants conspired with the City to do so.  With the exception of the City, each of the Defendants (hereinafter referred to collectively as the "Moving Defendants") has moved to dismiss the Second Amended Complaint as failing to state a claim for conspiracy.

The question before the Court, then, is whether the Second Amended Complaint satisfies the pleading requirement with regard to the claims against the Moving Defendants.

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, if accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We "must accept as true all of the allegations contained in a complaint" that are not legal conclusions. *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

*Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 734 (7th Cir. 2017).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Forgue v. City of Chicago*, 873 F.3d 962, 966 (7th Cir. 2017) (citations omitted).

The trouble with the Second Amended Complaint is that it is devoid of factual content that would allow the Court to reasonably infer that the Moving Defendants conspired with the City to violate Wakley's constitutional rights.  It says that they did, to be sure, numerous times.

---

filing a document is the deadline by which the document must be **received** by the Clerk; thus, although the Second Amended Complaint was sent by mail and was postmarked on the June 1st deadline, it was untimely.  Given Wakley's pro se status and lack of prejudice to the Defendants, the Court will excuse the untimely filing, but Wakley should take care to adhere more carefully to deadlines in the future.

*See* Dkt. No. 127 at ¶ 1 (The Moving Defendants "have engaged in a pattern and practice of collectively conspiring against the civil rights of [Wakley]."); ¶ 5 (The Moving Defendants "have schemed with the City of Indianapolis to remove Victor Wakley from a property which he has a valid lease with an option to purchase in which he has paid in full. . . . [The City] has taken unlawful control over the real and personal property of Victor Wakley and has conspired with the aforementioned Defendants to violate [his rights]"); ¶ 10 (The Defendants "conspired to deny Victor Wakley his property rights and deny him his Due Process, Civil and Constitutional rights in order to collectively develop the land for their Great Places 2020 'plan.'"); ¶ 11 (LISC "co-conspired with the collective Defendants in order to implement their 'Great Places 2020' plan."); ¶ 16 ("LISC has conspired with the other named Defendants to assist the City of Indianapolis in forcefully removing Plaintiff Victor Wakley from his property."); ¶ 29 (ECC has "collectively conspired to violate" Wakley's rights. "Plaintiffs [sic] will prove that the church body was well aware of the circumstances and chose to participate in the conspiracy."); ¶ 30 ("conspiracy and illegal actions" of ECC and ECDC are "being directed by Mike Bowling and Joe Bowling"); ¶ 31 ("At all times herein mentioned, each of the Defendants hereinabove was the agent, servant, employee, partner, alter ego, aider and abettor, co-conspirator and/or joint venture, and each Defendant has ratified and approved the acts."); ¶ 150 (The Defendants "have conspired to deprive Plaintiff Victor Wakley of his property, without due process of law."); and ¶ 151 ("That there exists a nexus between the City of Indianapolis and [the Moving Defendants]"). However, each of those statements is simply a legal conclusion. *See Redd v. Nolan*, 663 F.3d 287, 292 (7th Cir. 2011) (plaintiff's "assertion of a conspiracy is an unsupported legal conclusion that we are not bound to accept as true") (citing *Kolbe & Kolbe Health & Welfare Benefit Plan v.*

*Medical College of Wisconsin, Inc.,* 657 F.3d 496, 502 (7th Cir. 2011)). The only other assertions relating to the alleged conspiracy are as follow:

- The Moving Defendants along with the City "met on several occasions over several months in secret along with other co-conspirators in order to develop an elaborate plan to deprive Plaintiff Victor Wakley of his real, business and personal property rights, without Due Process notice." Dkt. No. 127 at ¶ 5.

- "The property in question is in an economic zone that qualifies for certain Federal Funding. In order for LISC to obtain these grant funds, they must have and/or take control of the 101 S. Parker Ave. site. Without this property, the funding that LISC needs in order to implement their plan will fails [sic]. LISC has offered these grant funds to the City of Indianapolis, and the other co-defendants. Without the funding being provided by LISC the co-conspirators would not have the financial wherewithal and/or motivation to commit a forceful wrongful eviction of Plaintiff Victor Wakley. On more than one occasion in meetings between the Defendants the employees of LISC explicitly told the other Defendants that Victor Wakely would have to be removed in order for the group to obtain funding!" *Id.* at ¶ 11.

- "Many meetings took place and emails were exchanged dating from June 2012 through December 2014 wherein the Defendants discuss taking control of the 101 S. Parker Avenue site. In these meetings the defendants co-conspire [sic] to violate" Wakley's constitutional rights. *Id.* at ¶ 9.

In order to adequately plead a conspiracy claim, a complaint must at least include "the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002). Here the only timeframe

during which the Moving Defendants specifically are alleged to have done anything is June 2012 through December 2014. The problem is that, as alleged in the Second Amended Complaint, Wakley had no interest in the property until March 2016, so not only is it not plausible that the Moving Defendants conspired against him at the time alleged, it is impossible. There are simply no other facts—as opposed to legal conclusion—contained in the Second Amended Complaint that "suggest a right to relief [from the Moving Defendants] that is beyond the speculative level." *W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) (citation omitted). Accordingly, each of the motions to dismiss is **GRANTED**.

The only claims remaining in this case are: (1) Wakely's claim that the City violated his property rights without due process; (2) the City's counterclaim against Wakley; and (3) SNDI's Third-Party Complaint against Third-Party Defendant Save Our Veterans, Inc.

SO ORDERED: 1/16/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Copy by United States Mail to:**

**Victor Wakley**
**P.O. Box 11292**
**Indianapolis, IN 46201**

Copies to all counsel of record via electronic notification